# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-10484
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CRISTY MARIE BRIGHT,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CR-38-1

―――――――――――――――――――――

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Cristy Marie Bright, federal prisoner # 56954-177, appeals the district court's denial of her motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A). The district court concluded that Bright had failed to establish extraordinary and compelling circumstances warranting release. Alternatively, the district court found that the 18 U.S.C. § 3553(a) factors

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

weighed against early release.  Before this court, Bright argues that the district court erred in denying her motion because her claims of sexual abuse, harassment, and battery by a male corrections officer qualified as an extraordinary and compelling reason for relief under U.S.S.G. § 1B1.13(b)(4), particularly in light of her receipt of a monetary settlement in a civil lawsuit. Although she argued in the district court that other circumstances constituted extraordinary and compelling reasons warranting compassionate release, she does not argue those issues on appeal, and they are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review the denial of Bright's § 3582(c)(1)(A)(i) motion for abuse of discretion.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  We need not consider whether the district court erred in determining that Bright failed to show extraordinary and compelling reasons warranting relief; the district court's alternative and independent consideration of the § 3553(a) factors provides a sufficient basis for affirmance.  *See id.*; *see also United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).  Bright has not challenged the district court's conclusion that the § 3553(a) factors weigh against relief, and any such argument is abandoned.  *See Yohey*, 985 F.2d at 224-25.  Accordingly, the order of the district court is AFFIRMED.